**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

H. Lockwood Miller, III (HM 9142)
GOLDBERG SEGALLA LLP
301 Carnegie Center Drive, Suite 200
Princeton, New Jersey 08540
(973) 631-7012
Attorneys for Defendant
Gelco Fleet Trust

| | |
|---|---|
| MARICEL LA O, | : CIVIL ACTION NO.: **2:25-cv-12694-SRC-JBC** |
| Plaintiff, | : **ANSWER TO COMPLAINT,** |
| vs. | : **AFFIRMATIVE DEFENSES, CROSS-** |
| | : **CLAIMS, ANSWER TO CROSSCLAIMS,** |
| JUAN D. FERNANDEZ, GELCO FLEET | : **NOTICE OF REQUEST FOR** |
| TRUST and JOHN DOES NOS. 1-100 | : **ALLOCATION, AND LOCAL RULE 11.2** |
| (representing an undetermined number of | : **CERTIFICATION ON BEHALF OF** |
| individuals and/or entities whose present | : **DEFENDANT GELCO FLEET TRUST** |
| identity are unknown), | : |
| | : |
| Defendants. | |

Defendant Gelco Fleet Trust (hereinafter "Gelco"), by and through its counsel, hereby responds to the allegations in plaintiff's Complaint ("Complaint") in this matter as follows:

<u>**ANSWER TO COMPLAINT**</u>

<u>**First Count**</u>

1.    Gelco denies knowledge or information sufficient to form a belief as to the allegations in paragraph 1 of the First Count of the Complaint.

2.    Except to admit that it was the lessor of the motor vehicle allegedly operated by defendant Juan D. Fernandez, Gelco denies the allegations in paragraph 2 of the First Count of the Complaint to the extent those allegations are directed towards it, and Gelco denies knowledge or information sufficient to form a belief as to any remaining allegations in paragraph 2 of the First Count of the Complaint.

1

3.      Gelco denies the allegations in paragraph 3 of the First Count of the Complaint to the extent those allegations are directed towards it, and Gelco denies knowledge or information sufficient to form a belief as to any remaining allegations in paragraph 3 of the First Count of the Complaint.

4.      Gelco denies the allegations in paragraph 4 of the First Count of the Complaint to the extent those allegations are directed towards it, and Gelco denies knowledge or information sufficient to form a belief as to any remaining allegations in paragraph 4 of the First Count of the Complaint..

5.      Gelco denies the allegations in paragraph 5 of the First Count of the Complaint to the extent those allegations are directed towards it, and Gelco denies knowledge or information sufficient to form a belief as to any remaining allegations in paragraph 5 of the First Count of the Complaint.

**Second Count**

1.      Gelco repeats its responses to the allegations set forth in the First Count of the Complaint.

2.      Gelco denies the allegations in paragraph 2 of the Second Count of the Complaint to the extent those allegations are directed towards it, and Gelco denies knowledge or information sufficient to form a belief as to any remaining allegations in paragraph 2 of the Second Count of the Complaint.

3.      Gelco denies the allegations in paragraph 3 of the Second Count of the Complaint to the extent those allegations are directed towards it, and Gelco denies knowledge or information sufficient to form a belief as to any remaining allegations in paragraph 3 of the Second Count of the Complaint.

4.    Gelco denies the allegations in paragraph 4 of the Second Count of the Complaint to the extent those allegations are directed towards it, and Gelco denies knowledge or information sufficient to form a belief as to any remaining allegations in paragraph 4 of the Second Count of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Complaint is barred and/or limited by plaintiff's contributory and/or comparative negligence.

### Third Affirmative Defense

The Complaint is barred and/or limited by the provisions of the Graves Amendment.

### Fourth Affirmative Defense

The Complaint is barred and/or limited by the applicable statute of limitations.

### Fifth Affirmative Defense

The injuries and damages claimed by plaintiff, if any, were caused in whole or in part by the acts or omissions of persons other than Gelco, over whom Gelco had neither control nor rights of control.  Any recovery by plaintiff, if any, should therefore be apportioned pursuant to the Joint Tortfeasors Contribution Act.

### Sixth Affirmative Defense

The injuries and damages claimed by plaintiff, if any, resulted from an intervening cause and/or causes, and any act or omission on the part of Gelco was not the proximate and/or competent producing cause of such alleged injuries or damages.

3

Seventh Affirmative Defense

Gelco reserves the right to assert such additional separate defenses as continuing discovery in this matter may reveal to be applicable.

WHEREFORE, Gelco demands judgment in its favor dismissing all claims asserted against it, together with costs of suit, attorney's fees, and such additional relief as this Court shall deem just and appropriate.

**CROSSCLAIMS**

Crossclaim for Indemnification

While denying any liability to plaintiff, Gelco demands indemnification from defendant Juan D. Fernandez for any judgment entered against Gelco, together with costs, interest, counsel fees, and any other award this Court deems just and proper.

Crossclaim for Contribution

While denying liability to plaintiff, in the event that Gelco adjudged to be liable to plaintiff, Gelco alleges that defendant Juan D. Fernandez was negligent, and that such negligence was the proximate or producing cause of any injuries or damages alleged to have been sustained by plaintiff, and Gelco demands proportionate contribution from defendant Juan D. Fernandez pursuant to the terms and provisions of the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1, et seq. and the Comparative Negligence Act, N.J.S.A. 2A:-5.1, et seq., together with costs, interest, counsel fees, and any other award this court deems just and proper.

**ANSWER TO CROSSCLAIMS**

Gelco denies each and every allegation of any and all crossclaims, including crossclaims for contribution or indemnity, filed or to be filed against it in this action.

4

## <u>NOTICE OF REQUEST FOR ALLOCATION</u>

Gelco gives notice that, if any defendant and/or any other party alleged to be responsible, in whole or in part, for plaintiff's injuries settles prior to verdict, Gelco shall seek an allocation of negligence and/or fault against any such settling defendant and/or other party.  Gelco will seek this allocation whether or not it has formally filed a crossclaim against any such settling defendant and/or other party.  Gelco shall rely upon all evidence, including the direct and cross-examination of plaintiff, plaintiff's expert witnesses, and any and all other witnesses at the time of trial in support of this allocation and specifically reserves the right to call any and all such witnesses.  All parties are being apprised of this pursuant to <u>Young v. Latta</u>, 123 N.J. 584 (1991) and subsequent legal authority.

## <u>LOCAL RULE 11.2 CERTIFICATION</u>

PURSUANT to Local Rule 11.2, the undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding and no other action, arbitration or administrative proceeding is contemplated.

**GOLDBERG SEGALLA LLP**
*Attorneys for Defendant*
*Gelco Fleet Trust*

By:  */s/ H. Lockwood Miller, III*
H. Lockwood Miller, III (HM 9142)

Dated:    July 10, 2025

5